**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

91 Magnolia LLC, et al.,   ) No. CV-11-1001-PHX-SMM
          )
   Plaintiffs,    )
          )
vs.         ) **MEMORANDUM OF DECISION AND**
          ) **ORDER**
Countrywide Financial Corp., et al., )
          )
   Defendants.   )
          )
          )

Before the Court are the Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative, Motion to Transfer Venue of Defendants Jackson Demarco Tidus Peckenpaugh, Roger M. Franks, Jeffrey Jackson Astarabadi, William Hensley, John D. Hayashi, Daniel A. Friedlander, and Carel William (Doc. 57), and Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 62.) The matter is fully briefed. (Doc. 57, Doc. 58, Doc. 59, Doc. 60, Doc. 61, Doc. 62.)

## BACKGROUND

91 Magnolia, LLC, a California limited liability company; 92 Magnolia, LLC, a California limited liability company; 4837 Beverly Blvd., LLC, a California limited liability company; 624 Orange, LLC, a California limited liability company; 264 E. Glenarm, LLC, a California limited liability company; N. Verdugo 127, LLC, a California limited liability company; 4004 Via Lucero, LLC, a California limited liability company; 417-421 Ocean Park Blvd., LLC, a California limited liability company; and Altura 96, LLC, a California limited liability company (collectively "Plaintiffs"), allege the following. (Doc. 25.)

Beginning in or around 2001 and continuing through the present, Defendants violated 18 U.S.C. § 1962(c) by forming, directing, managing, and operating an association-in-fact whose common purpose was to carry out a scheme to defraud Plaintiffs through a pattern of racketeering. (Doc. 25.) Plaintiffs filed their complaint in the District of Arizona, asserting that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. (Doc. 1.)

Plaintiffs further allege that: Defendant Jackson Demarco Tidus Peckenpaugh is a California corporation whose principle place of business is located in Orange County, California; Defendant Roger M. Franks is a member of the California State Bar and is a resident of Miami-Dade County, Florida; Defendant William Hensley is a member of the California State Bar and is a resident of Orange County, California; Defendant John D. Hayashi is a member of the California State Bar and is a resident of Orange County, California; Defendant Daniel A. Friedlander is a member of the California State Bar and is a resident of Los Angeles County, California; and Defendant Carel Willem Van Heerden is a member of the California State Bar and is a resident of Orange County, California. (Doc. 25 at 4.)

Defendants Jackson Demarco Tidus Peckenpaugh, Roger M. Franks, Jeffrey Jackson Astarabadi, William Hensley, John D. Hayashi, Daniel A. Friedlander, and Carel Willem Van Heerden (collectively,"JDTP Defendants") responded to Plaintiffs' First Amended Complaint with their motion to dismiss, arguing that this Court is without personal jurisdiction over JDTP Defendants. (Doc. 57.)

Plaintiffs thereafter filed their Motion for Leave to File Second Amended Complaint. (Doc. 62.)

## STANDARD OF REVIEW

### I.   Personal Jurisdiction

A federal court may exercise personal jurisdiction over a non-resident defendant if jurisdiction is proper under the state's long-arm statute and if the exercise of jurisdiction is consistent with the due process requirements of the Constitution. See, e.g., Fireman's Fund

1   Ins. Co. v. National Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996). Arizona's long-arm

2   statute permits jurisdiction over a non-resident defendant to the limits of the United States

3   Constitution.  See Davis v. Metro Prod., Inc., 885 F.2d 515, 520 (9th Cir. 1989).  The

4   statutory and constitutional considerations "therefore merge into a single due process test."

5   Fireman's Fund, 103 F.3d at 893.

6        The Fifth Amendment Due Process Clause of the Constitution requires that a defendant

7   have minimum contacts with the forum state so that the exercise of jurisdiction does not

8   offend traditional notions of fair play and substantial justice.  See International Shoe Co. v.

9   Washington, 326 U.S. 310, 316 (1945).  A defendant who has substantial or continuous and

10  systematic contacts with a state can be subject to the general personal jurisdiction of that

11  state.  See, e.g., Fields v. Sedgwick Assoc. Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986).

12  Alternatively, a defendant may consent to personal jurisdiction in a particular state.  See

13  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985).

14       A state may also exert specific personal jurisdiction over a defendant in certain

15  circumstances.  Specific jurisdiction is acceptable under the Due Process Clause if: (1) the

16  defendant has done some act by which he purposely availed himself of the privileges of

17  acting in that state and so invoked the benefits and protections of its laws; (2) the claim arises

18  out of the Defendants' forum-related activities; and (3) the exercise of personal jurisdiction

19  would be reasonable.  See, e.g., Fireman's Fund, 103 F.3d at 894.

20  **II.    Personal Jurisdiction in RICO Cases**

21       Civil RICO claims against any person "may be instituted in the district court of the

22  United States for any district in which such person resides, is found, has an agent, or

23  transacts his affairs." 18 U.S.C. §1965(a)(2011). In such an action, the national service-of-

24  process provision of the RICO statute, Section 1965(b), allows a district court to exercise

25  jurisdiction over all other defendant co-conspirators – even those who would not normally

26  be subject to the court's jurisdiction – if "it is shown that the ends of justice require that other

27  parties residing in any other district be brought before the court." Id..§ 1965(b).

28

1    This provision was intended by Congress to enable plaintiffs to bring "all members of

2    a nationwide RICO conspiracy before a court in a single trial." <u>Butcher's Union Local No.</u>

3    <u>498, United Food and Commercial Workers v. SDC Investment, Inc.</u>, 788 F.2d 535, 538 (9th

4    Cir. 1986). The right to nationwide service of process in RICO cases is limited, however;

5    before a court can exercise jurisdiction over non-resident defendants under Section 1965(b),

6    "the court must have personal jurisdiction over at least one of the participants in the alleged

7    multidistrict conspiracy *and the plaintiff must show that there is no other district in which*

8    *a court will have personal jurisdiction over all of the alleged co-conspirators*." <u>Id.</u> at 539

9    (emphasis added).

10   **III.  Motion to Dismiss**

11       A district court deciding a FED.R.CIV.P. 12(b)(2) motion to dismiss for lack of personal

12   jurisdiction without first holding an evidentiary hearing must determine whether the plaintiff

13   presents a prima facie showing of jurisdictional facts.   <u>Omeluk v. Langsten Slip &</u>

14   <u>Batbyggeri A/S</u>, 52 F.3d 267, 268 (9th Cir. 1995).  Plaintiff "need only demonstrate facts that

15   if true would support jurisdiction over the defendant." <u>Harris Rutsky & Co. Ins. Services,</u>

16   <u>Inc. v. Bell & Clements Ltd.</u>, 328 F.3d 1122, 1129 (9th Cir. 2003).   A plaintiff's version of

17   the facts is taken as true unless directly contravened, and conflicts between the facts

18   contained in the parties' affidavits must be resolved in the plaintiff's favor.  <u>Id.</u>

19   **IV.  Leave to File Amended Complaint**

20       Leave to amend may be denied where there is "undue delay, bad faith or dilatory

21   motive on the part of the movant, repeated failure to cure deficiencies by amendments

22   previously allowed, undue prejudice to the opposing party by virtue of allowance of the

23   amendment, [or] futility of amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  The

24   Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad

25   faith; (3) prejudice to the opponent; and (4) futility of amendment. <u>Loehr v. Ventura County</u>

26   <u>Cmty. Coll. Dist.</u>, 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend

27   rests in the sound discretion of the trial court.  <u>Swanson v. United States Forest Serv.</u>, 87

28

F.3d 339, 343 (9th Cir. 1996).

Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. <u>Saul v. United States</u>, 928 F.2d 829, 843 (9th Cir. 1991).  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 538 (9th Cir.1989). However, delay alone is insufficient grounds for denial of leave to amend.  <u>Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus.</u>, 648 F.2d 1252, 1254 (9th Cir. 1981).

## DISCUSSION

Plaintiffs bring a RICO claim against JDTP Defendants and nine other Defendants. Plaintiffs make no attempt to argue that this Court has either specific or general personal jurisdiction over JDTP Defendants. Rather, Plaintiffs' claim relies on the theory that this Court has personal jurisdiction over all Defendants through the national service of process mechanism of 18 U.S.C. § 1965(b). However, Plaintiffs fail to make the necessary showing that the ends of justice require this Court to exercise personal jurisdiction over JDTP Defendants through Section 1965(b).  While Plaintiffs allege facts showing that at least one non-JDTP Defendant is subject to process in Arizona (Bank of America Corporation, through its transactions and agents in Arizona (Doc. 59 at 8)), Plaintiffs do not meet their burden of showing that no other district would have personal jurisdiction over all Defendants.

Indeed, it appears from Defendants' reply (Doc. 60) that the Central District of California would have personal jurisdiction over all Defendants. The Court notes that it is the Plaintiffs' burden to show the non-availability of another district with jurisdiction, and not the Defendants' burden; however, the Court takes judicial notice of the fact that Plaintiffs have previously filed two similar suits against nearly identical defendants, including JDTP Defendants, in the Superior Court of the State of California, County of Los Angeles. (Doc. 58-1, Doc. 58-3.) The history of this case as evidenced by the prior filings thus indicates that California is overwhelmingly at the center of this case; therefore, this Court finds that the

1    ends of justice require that Plaintiffs' choice of Arizona as a forum not be honored.

2            Plaintiffs respond by postulating that Defendant Roger M. Franks alone among all

3    Defendants could not have been served in the Central District of California at the time this

4    suit was filed, and thus that at the relevant time there was no other district in which all

5    Defendants could have been served. (Doc. 59 at 8-9.) The Court finds that Plaintiffs fail to

6    make a prima facie showing that Defendant Franks could not have been served, and the Court

7    disagrees with Plaintiffs' assertion that Defendant Franks's consent to personal jurisdiction

8    in California amounts to "a judicial admission by the Attorney Defendants" that Defendant

9    Franks could not have been served there. (Doc. 59 at 8.)

10           Thus, this Court is without personal jurisdiction over JDTP Defendants. Consequently,

11   Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 62) is deemed futile.

12   Although Plaintiffs assert that if amended their complaint could allege sufficient facts to

13   support this Court's jurisdiction over all Defendants, the Court notes that Plaintiffs have

14   failed to allege sufficient facts to establish personal jurisdiction in their original complaint

15   (Doc. 1), their First Amended Complaint (Doc. 25), and their Response to Defendants'

16   Motion to Dismiss (Doc. 59).

17           Furthermore, no amendments to Plaintiffs' complaint could serve to overcome this

18   Court's lack of personal jurisdiction over JDTP Defendants. As discussed above, Plaintiffs

19   have repeatedly failed to make a showing of facts sufficient to trigger the national service

20   provision of the RICO statute. Moreover, no amendment to the complaint would serve to

21   negate the overwhelming indications that California is the proper forum for this suit: all

22   Plaintiffs are located in California (Doc. 1, 2-3); the vast majority of Defendants, if not all,

23   are plainly subject to jurisdiction in California (including Defendant Franks as a result of his

24   consent to jurisdiction in California (Doc. 57 at 44)); and all of the alleged acts giving rise

25   to Plaintiffs' claims occurred in California (Doc. 1).

26           As a result, this Court is not the proper forum for this suit, and Plaintiffs' proposed

27   Second Amended Complaint would be futile and subject to dismissal.

28

- 6 -

1    Plaintiffs ask that in the interest of justice this Court transfer the case to the Central

2 District of California rather than dismiss, cursorily stating that dismissal "would raise statute

3 of limitations issues." (Doc. 59 at 14.) The Court notes that pursuant to FED.R.CIV.P.3, this

4 action was commenced on May 20, 2011, from which time the applicable statute of

5 limitations on Plantiffs' RICO claim has been tolled. See West v. Conrail, 481 U.S. 35, 38-40

6 (1987). Furthermore, the Court notes that any statute of limitations concerns voiced by

7 Plaintiff are undermined by Plaintiffs' previous filing of the two similar claims against nearly

8 identical defendants, including JDTP Defendants, in the Superior Court of the State of

9 California, County of Los Angeles. (Doc. 58-1, Doc. 58-3.)

10                              **CONCLUSION**

11    **IT IS HEREBY ORDERED GRANTING** Defendants' Motion to Dismiss for Lack

12 of Personal Jurisdiction and Improper Venue, or in the alternative, Motion to Transfer Venue

13 (Doc. 57), and **DISMISSING** Plaintiffs' claims as to Defendants Jackson Demarco Tidus

14 Peckenpaugh, Roger M. Franks, Jeffrey Jackson Astarabadi, William Hensley, John D.

15 Hayashi, Daniel A. Friedlander, and Carel Willem Van Heerden.

16    **IT IS FURTHER ORDERED DENYING** Plaintiffs' Motion for Leave to File Second

17 Amended Complaint. (Doc. 62.)

18    DATED this 21st day of September, 2012.

19

20

21                              Stephen M. McNamee
                               Senior United States District Judge
22

- 7 -